# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3015**　　　　　　　　　　　　　　**September Term, 2020**

**1:21-mj-00297-GMH-1**

**Filed On:** May 21, 2021

United States of America,

　　　　　Appellee

　　v.

Thomas F. Sibick,

　　　　　Appellant


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


**BEFORE:**　　Tatel, Millett, and Wilkins, Circuit Judges


**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

**ORDERED AND ADJUDGED** that the district court's pretrial detention order entered on March 17, 2021, be affirmed.  Appellant has not shown that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  See United States v. Munchel, 991 F.3d 1273, 1282, 1284 (D.C. Cir. 2021).  Appellant participated in an ongoing violent assault on a police officer at the Capitol on January 6, 2021, ripping off the officer's radio – his lifeline for help – and his badge.  As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Id. at 1284.

In addition, appellant's multiple and repeated lies and misrepresentations to investigators about his conduct undermine his credibility and erode trust that he will comply with conditions of release.  Moreover, appellant faces numerous serious felony charges as a result of his conduct, and his criminal history includes convictions for failing to comply with a law enforcement order and attempted reckless endangerment.  In these circumstances, the district court did not clearly err in detaining appellant based on his dangerousness.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk